■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW REID, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered June 20, 1989, convicting him of murder in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his videotaped statement.

Ordered that the judgment is affirmed.

The defendant contends that his videotaped statement should have been suppressed because it was the product of an unlawful arrest. We disagree. We are satisfied that the police had probable cause to arrest the defendant. The police had information from an identified person that the defendant and his brother had, on the day of the shooting, threatened the life of the decedent. Another witness also told the police that he, the witness, was in the apartment, outside of which the shooting took place, when the shooting began. According to this witness, a third witness banged on the door, was pulled into the apartment, and blurted out that "ZaZa [the defendant] and Jukie just shot Tony".

Since the information given to the police was based on hearsay "it must appear, in the language of the *Aguilar-Spinelli* rules, that the informant has some basis of knowledge for the information he [has] transmitted to the police and that the information is reliable" *(People v Johnson,* 66 NY2d 398, 402; *People v Greene,* 153 AD2d 439, 443, *cert denied* 498 US 947). In order to satisfy the "basis of knowledge" prong, it is not necessary that the informant have personally viewed the criminal activity. "What is required is information of such quality, considering its source and the circumstances in which it came into possession of the informant, that a reasonable observer would be warranted in determining that the basis of the informant's knowledge was such that it led logically to the conclusion that a crime had been * * * committed" by the defendant *(People v Restrepo,* 87 AD2d 320, 323-324; *People v Greene, supra,* at 444). We are convinced that the "basis of knowledge" prong of the test is satisfied here.

With regard to the reliability of the informants, an identified citizen's reliability is assumed "because of the potential penalty which may be imposed if the information provided to the police is fabricated" *(People v McCain,* 134 AD2d 623).

For the above reasons, the police were in possession of sufficient information such that it was "more probable than not that a crime [had] taken place and that the [defendant was] its perpetrator" *(People v Carrasquillo,* 54 NY2d 248, 254). Therefore the police had probable cause to arrest the defendant, and the hearing court properly denied suppression of the defendant's videotaped statement.

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Bracken, O'Brien and Santucci, JJ., concur.