■ The People of the State of New York, Respondent, v Douglas Crowder, Appellant. [603 NYS2d 343] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered June 20, 1991, convicting him of rape in the first degree, sodomy in the first degree, robbery in the first degree, burglary in the first degree, burglary in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Testimony at the suppression hearing established that the complainant was sexually assaulted in the laundry room of an apartment building. Immediately thereafter, she went to the apartment of an acquaintance, to whom she described her assailant. The acquaintance had seen an individual matching the description only a few minutes earlier in the building's lobby, coming from the direction of the laundry room.

Three weeks later, the acquaintance called the police and told them that he had seen a perpetrator of a "past crime". The police responded to the scene, talked to the acquaintance and, after a brief chase, arrested the defendant. A short time later, the complainant identified the defendant in a lineup.

The defendant asserts that the police did not have probable cause to arrest him. Therefore, the defendant contends, the hearing court improperly denied suppression of the complainant's testimony concerning her identification of the defendant at the lineup held after his arrest. We disagree.

Hearsay information provided to the police by an identified citizen is presumed to be reliable (see, *People v Chipp,* 75 NY2d 327, 339-340, *cert denied* 498 US 833; *People v DeJesus,* 169 AD2d 521; *People v Cruz,* 149 AD2d 151). Such information may serve as the basis for a warrantless arrest if it appears, "in the language of the *Aguilar-Spinelli* rules, that the informant has some basis of knowledge for the information * * * transmitted to the police" *(People v Johnson,* 66 NY2d 398, 402).

In the instant case, the informant was present at the scene of the arrest, told the arresting officers of his conversation with the complainant, and confirmed that the defendant matched the complainant's description of the assailant. The informant also identified the defendant as the man he saw leaving the building on the day of the assault and told the police that the defendant was not a resident of the building. Under such circumstances, the police had probable cause to arrest the defendant *(see, People v Reid,* 184 AD2d 668; *People v Greene,* 153 AD2d 439, 443, *cert denied* 498 US 947). Accordingly, the hearing court did not err in denying suppression of the complainant's testimony concerning her identification of him at the lineup.

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Balletta, Copertino and Joy, JJ., concur.