■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WYNN, Appellant. [617 NYS2d 62] —Appeal by the

defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered March 23, 1992, convicting him of burglary in the second degree, after a nonjury trial and imposing sentence.

Ordered that the judgment is affirmed.

The court issued a pretrial *Sandoval* ruling permitting the prosecutor to inquire as to whether the defendant had been convicted of more than one prior felony, but not as to the underlying facts of those prior convictions. However, when the defendant testified and denied that he had been convicted of more than one felony in the past, the prosecutor requested a modification of the *Sandoval* ruling. The court properly modified its *Sandoval* ruling to permit the prosecution to inquire further regarding the prior convictions *(see, People v Fardan,* 82 NY2d 638; *see also, People v Johnson,* 203 AD2d 588).

Also without merit is the defendant's contention that the trial court erred in permitting the prosecution to inquire of the defendant as to prior bad acts committed against the complainant. The court had originally ruled that the prosecution could not use evidence that the defendant had beaten the complainant on several prior occasions to impeach the defendant's credibility on the ground that the evidence was too prejudicial. Nevertheless, once the defendant testified on his direct examination that he "would never do anything to hurt that woman", he put his character in issue, and the People were entitled to rebut this evidence by asking the defendant about his previous acts against the complainant *(see, People v Klos,* 190 AD2d 754; *see also, People v Bravo,* 154 AD2d 690).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree beyond a reasonable doubt *(see, People v Gaines,* 74 NY2d 358, 362; *see also, People v Barnes,* 50 NY2d 375, 381; *People v Cowan,* 184 AD2d 778).

There is no merit to the defendant's contention that he received the ineffective assistance of counsel when, because of counsel's failure to give him adequate notice of the Grand Jury hearing date, he was not present at the hearing, and was not afforded the opportunity to testify despite his request pursuant to CPL 190.50. The record indicates that both he and his counsel were notified at the arraignment of the date, time, and place of the Grand Jury hearing.

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit.

Thompson, J. P., Lawrence, Pizzuto and Friedmann, JJ., concur.