■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ALLEN, Appellant. [618 NYS2d 104] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (LeVine, J.), rendered March 28, 1991, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and escape in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence seized by the police from his apartment should have been suppressed because the search warrant, which was based upon information obtained by the police from two citizen informants, was invalid. Information provided to the police by an identified citizen is presumed to be reliable *(see, People v Chipp,* 75 NY2d 327, 339, *cert denied* 498 US 833; *People v Crowder,* 198 AD2d 369, 370; *People v Reid,* 184 AD2d 668, 669; *People v Cantre,* 95 AD2d 522, 525, *affd* 65 NY2d 790). Here, both citizen informants were identified by name in the police officer's affidavit that was submitted to the court that issued the warrant, and they were not anonymous, paid, or confidential informants.

Viewing the evidence in the light most favorable to the People, we find that the evidence is legally sufficient to establish the defendant's guilt of murder in the second degree and criminal possession of a weapon in the second degree *(see, People v Contes,* 60 NY2d 620). It is well-settled that the resolution of issues of credibility, as well as weight to be

accorded to the evidence presented are primarily questions to be determined by the jury, which saw and heard the witnesses *(People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless it is clearly unsupported by the record *(People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we find that the jury's verdict is not against the weight of the evidence (CPL 470.15 [5]; *People v Bleakley,* 69 NY2d 490, 495).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Lawrence, J. P., O'Brien, Joy and Altman, JJ., concur.