■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY TOXEY, Appellant. [631 NYS2d 846] —Judgment,

Supreme Court, New York County (Daniel FitzGerald, J.), rendered April 26, 1991, convicting defendant, upon his plea of guilty, of attempted robbery in the first and third degrees, and sentencing him to concurrent terms of 2 to 6 years and 1 to 3 years, respectively, unanimously affirmed.

Defendant's motion to suppress statements allegedly obtained as fruit of an unlawful arrest was properly denied without a hearing since his conclusory allegations that the statements were taken in violation of the United States and New York Constitutions and CPL 710.30 were insufficient to raise an issue of fact as to the lawfulness of the arrest (CPL 710.60 [3] [b]). The statutory prohibition against summary denial of a motion to suppress a statement as involuntarily given does not extend to motions to suppress a statement as the fruit of an unlawful arrest (*People v Mendoza*, 82 NY2d 415, 422), and there is no reason why defendant should not have been expected to have knowledge of the circumstances that surrounded his arrest (*see, supra*, at 429; *People v Covington*, 144 AD2d 238, *lv denied* 73 NY2d 890). The indictment and the People's voluntary disclosure form which specified the date, time, location and victim of the charged robbery, as well as the date, time and location of the ensuing arrest, were susceptible to denials that would have identified any issues warranting a hearing. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Tom, JJ.