■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT ADAMS, Appellant. [637 NYS2d 477] —Appeal by the de-

fendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered September 28, 1993, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court did not improvidently exercise its discretion when it denied his application to expand or reopen the *Dunaway* hearing. At the time of the defendant's arrest on the instant charges at 3:35 A.M. on April 30, 1992, he had been in police custody on an unrelated charge since 9:45 A.M. on April 29, 1992. While it is true the People had the burden of going forward to establish the legality of police conduct in the first instance *(see, People v Di Stefano,* 38 NY2d 640, 652; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 710.60, at 278, 280-281), the defendant was required to provide the People with "reasonable notice" of his suppression claim (CPL 710.60 [1]) in order to protect the People from unfair surprise *(see, People v Mezon,* 80 NY2d 155, 160). Here, the defendant's omnibus motion merely challenged the legality of his arrest on April 30, 1992. He did not challenge the legality of his arrest on April 29, 1992, until the hearing court rendered its findings of fact following the *Dunaway* hearing. To reopen or expand the hearing at this late date would have resulted in undue prejudice to the People. Moreover, because the defendant was expected to have knowledge of the circumstances surrounding his arrest on the morning of April 29, 1992 *(see, People v Toxey,* 220 AD2d 204; *People v Mitchell-Benitez,* 168 AD2d 994), he failed to raise any pertinent new facts warranting an expansion or reopening of the *Dunaway* hearing *(see,* CPL 710.40 [2], [4]).

The trial court did not err in failing to give a circumstantial evidence charge because the defendant's conviction was based on both direct and circumstantial evidence *(see, People v Daddona,* 81 NY2d 990, 992; *People v Licitra,* 47 NY2d 554, 558-559; *People v O'Brien,* 212 AD2d 741, 742).

We have reviewed the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Santucci, Friedmann and Krausman, JJ., concur.