■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SIMS, Appellant. [666 NYS2d 433] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Kotter, J., at sentencing; Corso, J., at trial and hearing), rendered July 10, 1995, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a witness's in-court identification of him.

Ordered that the judgment is affirmed.

It is well settled that a witness may make an in-court identification of a perpetrator despite the existence of an unduly suggestive pretrial identification procedure, so long as the People demonstrate by clear and convincing evidence that the in-court identification is based upon the witness's independent observation of the accused (*see, People v Owens,* 74 NY2d 677; *People v Adams,* 53 NY2d 241; *People v Fuentes,* 240 AD2d 511). In this case, the prosecution established that the identifying police officer had an unobstructed view of the defendant at close range in broad daylight, and that he was able to provide a detailed, accurate description of the defendant (*see, People v Steward,* 206 AD2d 397; *People v Hyatt,* 162 AD2d 713). Accordingly, the court properly permitted the officer to identify the defendant in court notwithstanding the suppression of a previous lineup identification by the officer.

Contrary to the defendant's contention, the trial court did not err in granting the People's application to modify its *Sandoval* ruling during the cross-examination of the defendant. A court may alter its *Sandoval* ruling to permit inquiry into a previously prohibited subject if the accused gives untruthful or misleading testimony regarding that subject (*see, People v Fardan,* 82 NY2d 638, 646; *People v Leggett,* 221 AD2d 371). Here, the defendant gave misleading testimony regarding his previous experience with firearms, thereby opening the door to questioning regarding his prior conviction for an offense which involved the use of a gun (*see, People v Hicks,* 226 AD2d 189; *People v Santiago,* 169 AD2d 557; *see generally, People v Wynn,* 208 AD2d 576; *People v Johnson,* 203 AD2d 588). The defendant's contention that the prosecutor violated the terms of the modified *Sandoval* ruling is unpreserved for appellate review, since he neither objected to the line of questioning nor requested curative instructions (*see,* CPL 470.05 [2]; *People v Otote,* 203 AD2d 488). In any event, any purported error was harmless in view of the overwhelming evidence of the defendant's guilt (*see, People v Crimmins,* 36 NY2d 230). Bracken, J. P., O'Brien, Sullivan and Santucci, JJ., concur.