■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR RODRIGUEZ, Appellant. [690 NYS2d 178] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered December 5, 1995, convicting defendant, upon his pleas of guilty, of robbery in the second degree and attempted criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to consecutive terms of 5 years and 1½ to 3 years, respectively, unanimously affirmed.

The court properly denied, with leave to renew, that branch of defendant's suppression motion that sought to suppress statements and identification testimony as fruit of an unlawful arrest (*Dunaway v New York*, 442 US 200). Defendant's failure to avail himself of the opportunity to cure the pleading defect cited by the court or protest the court's ruling in any way, coupled with his guilty plea entered shortly thereafter and before the *Huntley* and *Wade* hearings ordered by the court could be held, establishes defendant's abandonment of this issue (*see, People v Rodriguez*, 50 NY2d 553, 557; *see also, People v Russell*, 71 NY2d 1016). In any event, we find that defendant was provided with sufficient information about the predicate for his arrest to require him to address such predicate (*see, People v Toxey*, 220 AD2d 204, *lv denied* 88 NY2d 855). Concur—Nardelli, J. P., Tom, Lerner, Mazzarelli and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE FRANKS, Appellant. [690 NYS2d 179] —Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered June 20, 1996, convicting defendant, after a jury trial, of robbery in the first degree, robbery in the second degree and grand larceny in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 10 to 20 years, 5 to 10 years and 2 to 4 years, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence. The jury could have reasonably concluded that defendant intentionally aided the codefendant in forcibly retaining the proceeds of their joint shoplifting. We perceive no abuse of sentencing discretion. Concur—Nardelli, J. P., Tom, Lerner, Mazzarelli and Friedman, JJ.