■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHONN HANKINS, Appellant. [697 NYS2d 144] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered September 12, 1996, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Immediately prior to the start of deliberations, the defense counsel informed the trial court that he had just learned that the defendant had been arrested for disorderly conduct the same day he was charged with the instant murder, and argued that this new evidence contradicted the People's evidence at the *Dunaway* hearing (*see, Dunaway v New York,* 422 US 200). The defendant now claims that the court erred in failing to re-open the suppression hearing. However, this claim is unpreserved for appellate review since counsel did not request that relief at trial. In any event, a trial court need only reopen a hearing during trial where the defendant makes a showing that additional pertinent facts have been discovered which could not have been discovered with reasonable diligence before the determination of the original suppression motion (*see,* CPL 710.40 [4]). Here, the alleged new facts were the circumstances surrounding the defendant's arrest, of which he is presumed to have knowledge (*see, People v Adams,* 224 AD2d 433; *People v Toxey,* 220 AD2d 204).

Contrary to the defendant's further contention, the court did not commit error in permitting the People to amend the indictment by changing the date of the crime from "on or about October 30" to "on or about October 29 into October 30". The minor temporal correction did not change the theory of the prosecution or cause any prejudice to the defendant (*see,* CPL 200.70 [1]).

The defendant's remaining contentions are unpreserved for appellate review or without merit. S. Miller, J. P., O'Brien, Ritter and Florio, JJ., concur.