THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD YOUNG, Appellant. [718 NYS2d 630] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered April 7, 1998, convicting him of burglary in the second degree, grand larceny in the fourth degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

438

Contrary to the defendant's contention, the Supreme Court did not err in denying his application to reopen the *Wade/ Dunaway* hearing (*see, United States v Wade,* 388 US 218; *Dunaway v New York,* 442 US 200). The Supreme Court may reopen a hearing during trial only where, *inter alia,* the defendant has shown "that additional pertinent facts have been discovered by the defendant which he [or she] could not have discovered with reasonable diligence before the determination of the motion" (CPL 710.40 [4]). Here, the new facts upon which the defendant based his application were the circumstances surrounding his arrest, of which he is presumed to have knowledge (*see, People v Hankins,* 265 AD2d 572; *People v Adams,* 224 AD2d 433, 434; *People v Toxey,* 220 AD2d 204, 205; *People v Mitchell-Benetiz,* 168 AD2d 994).

Upon the exercise of our factual review power, we find that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). Ritter, J. P., H. Miller, Feuerstein and Smith, JJ., concur.