■ The People of the State of New York, Respondent, v Edward Brown, Appellant. [782 NYS2d 371]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated August 11, 2003 (*People v Brown,* 307 AD2d 973 [2003]), affirming a judgment of the Supreme Court, Suffolk County, rendered June 8, 2001.

Appeal by the defendant from a judgment of the County Court, Suffolk County (Mullin, J.), rendered March 19, 2001, convicting him of murder in the second degree, robbery in the first degree, assault in the second degree, attempted robbery in

the first degree, and criminal possession of stolen property in the fourth degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

The County Court properly determined after a hearing that the People established the voluntariness of the defendant's confession beyond a reasonable doubt. On appeal, the defendant improperly relies on the defendant's trial testimony to challenge that determination. "Where, as here, the defendant fails to move to reopen a suppression hearing, he or she may not rely upon the trial testimony to challenge the suppression ruling" (*People v Gold,* 249 AD2d 414, 415 [1998]; *see People v Gonzalez,* 55 NY2d 720 [1981], *cert denied* 456 US 1010 [1982]; *People v Wells,* 288 AD2d 408 [2001]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.20 [2]).

Contrary to the defendant's contention, the trial court did not err in granting the People's application to modify its *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371 [1974]) to permit the prosecutor to elicit on cross-examination that his prior convictions involved firearms. On direct examination, the defendant gave misleading testimony with respect to his prior use and familiarity with firearms, thereby opening the door to such questioning on cross-examination (*see People v Sims,* 245 AD2d 316 [1997]; *People v Thomas,* 262 AD2d 213 [1999]).

The defendant's remaining contentions are without merit. Ritter, J.P., Krausman, Goldstein and Lifson, JJ., concur.