THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KOBA PERADZE, Appellant. [791 NYS2d 586]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered March 15, 2002, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the court erred in denying that branch of his omnibus motion which was to suppress physical evidence. The reliability of the informants and the basis of their knowledge was established (*see People v Ketcham*, 93 NY2d 416 [1999]; *People v Griminger*, 71 NY2d

635, 639 [1988]; *People v Reid,* 184 AD2d 668, 669 [1992]; *People v Crowder,* 198 AD2d 369, 370 [1993]). Accordingly, the police had probable cause to arrest the defendant and to seize his clothing incident to the arrest.

Moreover, contrary to the defendant's contention, the trial court properly allowed the People to inquire into certain of his prior bad acts on cross-examination. A court may permit inquiry into an otherwise prohibited subject if the accused gives untruthful or misleading testimony regarding that subject (*see People v Brown,* 97 NY2d 500 [2002]; *People v Sims,* 245 AD2d 316 [1997]; *People v Thomas,* 262 AD2d 213 [1999]). Here, the defendant testified that his marriage was "wonderful," thereby opening the door to questioning regarding marital difficulties between him and his wife (*see People v Sims, supra; People v Thomas, supra*).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.20 [5]).

Viewing the defense counsel's conduct in its entirety, the defendant was not deprived of the effective assistance of counsel (*see People v Benevento,* 91 NY2d 708 [1998]; *People v Rivera,* 71 NY2d 705 [1988]; *People v Baldi,* 54 NY2d 137 [1981]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Krausman, J.P., Mastro, Rivera and Skelos, JJ., concur.