■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMMIE CURTIS, Appellant. [821 NYS2d 918]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered April 13, 2004, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The plea minutes demonstrate that the defendant's plea was entered knowingly, voluntarily, and intelligently, and that he understood the crime to which he was pleading guilty (*see People v Harris,* 61 NY2d 9 [1983]). Further, the defendant's guilty plea precludes him from challenging claimed defects in the grand jury proceedings (*see People v Hansen,* 95 NY2d 227 [2000]; *People v Miller,* 306 AD2d 294 [2003]). Moreover, the sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DALY, Appellant. [822 NYS2d 474]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Kron, J.), imposed March 12, 2004, on the ground that the sentence is excessive.

Ordered that the sentence is affirmed. No opinion. Prudenti, P.J., Schmidt, Goldstein, Rivera and Lifson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RORY DOLAN, Appellant. [821 NYS2d 891]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated December 22, 2003 (*People v Dolan,* 2 AD3d 745 [2003]), affirming a judgment of the County Court, Suffolk County, rendered April 20, 1995.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes,* 463 US 745 [1983]; *People v Stultz,* 2 NY3d 277 [2004]). Florio, J.P., Miller, Krausman and Rivera, JJ., concur.