■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN KELLYMAN, Appellant. [822 NYS2d 474]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Gerges, J.), imposed February 23, 2005, on the ground that the sentence is excessive.

Ordered that the sentence is affirmed. No opinion. Prudenti, P.J., Schmidt, Goldstein, Rivera and Lifson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL KNEITEL, Appellant. [822 NYS2d 602]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered November 14, 2002, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (14 counts), menacing in the third degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Pincus, J.), of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in denying his application to reopen the pretrial suppression hearing. A court may reopen a hearing during trial where, inter alia, the defendant makes a showing "that additional pertinent facts have been discovered by the defendant which he [or she] could not have discovered with reasonable diligence before the determination of the [original suppression] motion" (CPL 710.40 [4]). Here, the additional facts concerned the location where the defendant parked his car prior to his arrest. Since this was a fact of which the defendant is presumed to have knowledge, the application to reopen the hearing was properly denied (*see People v Young*, 278 AD2d 437 [2000]; *People v Hankins*, 265 AD2d 572 [1999]).

The issue of legal sufficiency is unpreserved for appellate review and the defendant's remaining contentions are without merit or do not require reversal. Schmidt, J.P., Santucci, Fisher and Covello, JJ., concur.