■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CEPARANO, Appellant. [945 NYS2d 421]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Efman, J.), rendered October 16, 2009, convicting him of manslaughter in the second degree, vehicular manslaughter in the second degree, operating a motor vehicle while under the influence of drugs, reckless driving, failure to stay in a designated lane, and aggravated unlicensed operation of a motor vehicle in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The plea minutes demonstrate that the defendant's plea was entered knowingly, voluntarily, and intelligently, and that he understood the nature of the crimes to which he was pleading

guilty (*see People v Harris*, 61 NY2d 9 [1983]). Further, the defendant's plea of guilty precludes him from challenging claimed defects in the grand jury proceedings and nonjurisdictional issues concerning alleged prosecutorial misconduct before the grand jury (*see People v Curtis*, 33 AD3d 721 [2006]; *People v Miller*, 306 AD2d 294 [2003]). Also, the defendant's voluntary, knowing, and intelligent waiver of his right to appeal all aspects of his case encompassed his right to a review of his nonjurisdictional contentions pertaining to the grand jury proceedings, as well as the denial of that branch of his motion which was to suppress evidence based upon lack of probable cause (*see People v Rodriguez*, 268 AD2d 491, 492 [2000]).

To the extent that the defendant's claim of ineffective assistance of counsel does not relate to the voluntariness of the plea, the defendant's valid and unrestricted waiver of his right to appeal foreclosed appellate review of that claim (*see People v Sorino*, 82 AD3d 911, 912 [2011]). To the extent that the defendant's claim of ineffective assistance of counsel does relate to the voluntariness of the plea, his claim is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a " 'mixed claim[ ]' " of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011], *cert denied* 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel as it relates to the voluntariness of his plea (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]).

The defendant's remaining contentions are without merit. Dillon, J.P., Dickerson, Hall and Sgroi, JJ., concur.