■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS GERMAN YUNGA, Appellant. *[973 NYS2d 356]*—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered April 29, 2011, convicting him of rape in the first degree, burglary in the first degree, assault in the first degree, assault in the second degree (two counts), unlawful imprisonment, and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (O'Dwyer, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The hearing court properly found that the police had probable cause to arrest the defendant (*see People v Prego*, 102 AD3d 814, 814-815 [2013]). Accordingly, the court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence recovered incident to his arrest (*see People v Peradze*, 15 AD3d 678, 678-679 [2005]; *People v Maldonado*, 244 AD2d 759, 762 [1997]).

The defendant's contention that the evidence was legally insufficient to support his convictions of burglary in the first degree and assault in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of burglary in the first degree and assault in the first degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), and contrary to the defendant's contentions, we are satisfied that the verdict of guilt as to burglary in the first degree, assault in the first degree, and rape in the first degree was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel under the United States Constitution (*see Strickland v Washington*, 466 US 668, 688 [1984]). Moreover, the defendant was not deprived of the effective assistance of counsel under the New York Constitution since, viewing defense counsel's performance in totality, counsel

provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Collado*, 90 AD3d 672, 673 [2011]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention, raised in his pro se supplemental brief, is without merit. Mastro, J.P., Dillon, Angiolillo and Chambers, JJ., concur.