◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN ANTHONY, Appellant. [980 NYS2d 781]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered March 7, 2012, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statement to a law enforcement official.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the defendant's argument that the evidence was legally insufficient to prove that he entered the complainant's apartment with the intent to commit a crime therein was preserved for appellate review inasmuch as the defendant raised this issue with sufficient specificity in his motion for a trial order of dismissal at the close of the People's case (*see* CPL 470.05 [2]; *People v Albert*, 40 AD3d 1115, 1116 [2007]; *People v Soto*, 8 AD3d 683, 684 [2004]; *compare People v Finger*, 95 NY2d 894, 895 [2000]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that the defendant entered the complainant's apartment with the intent to commit a crime therein (*see People v*

*Ross,* 112 AD3d 972 [2013]; *People v Diaz,* 53 AD3d 504, 505 [2008]; *People v Monge,* 248 AD2d 558 [1998]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (*see People v Mateo,* 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]). Upon reviewing the record here, we are satisfied that the verdict of guilt of burglary in the second degree was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633, 642-643 [2006]).

Contrary to the defendant's contention, the Supreme Court did not err in denying the defendant's motion to reopen the suppression hearing. A court may reopen a hearing during trial where, inter alia, the defendant makes a showing "that additional pertinent facts have been discovered by the defendant which he [or she] could not have discovered with reasonable diligence before the determination of the [original suppression] motion" (CPL 710.40 [4]; *see People v Kneitel,* 33 AD3d 816, 816 [2006], *cert denied* 552 US 907 [2007]; *People v Young,* 278 AD2d 437, 438 [2000]). Here, the additional facts cited by the defendant in support of his motion to reopen the suppression hearing pertained to circumstances that occurred in the defendant's presence, and, thus, the defendant is presumed to have had knowledge of those facts at the time of the hearing (*see People v Davis,* 103 AD3d 810, 812 [2013]; *People v Kneitel,* 33 AD3d at 816; *People v Greaves,* 12 AD3d 690 [2004]; *People v Young,* 278 AD2d at 438; *cf. People v Delamota,* 18 NY3d 107, 119 [2011]).

The defendant's claim that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a " 'mixed claim[ ]' " of ineffective assistance (*People v Maxwell,* 89 AD3d 1108, 1109 [2011], quoting *People v Evans,* 16 NY3d 571, 575 n 2 [2011], *cert denied* 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump,* 53 NY2d 824, 825 [1981]; *People v Brown,* 45 NY2d 852, 853-854 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman,* 93 AD3d 805, 806 [2012]; *see also People v Lopez,* 109 AD3d 1007, 1007 [2013]; *People v Taylor,* 98 AD3d 593, 594

[2012], *affd sub nom. People v Heidgen*, 22 NY3d 259 [2013]). Skelos, J.P., Dickerson, Chambers and Miller, JJ., concur.