THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIUS SANDERS, Appellant. [989 NYS2d 613]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered April 6, 2011, convicting him of murder in the second degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials and physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress his statements to law enforcement officials. The record supports the Supreme Court's determination that the defendant's written and videotaped statements were made after he voluntarily, knowingly, and intelligently waived his constitutional rights, and were not the product of coercion (*see People v McCray*, 33 AD3d 817, 818 [2006]; *People v Leftenant*, 22 AD3d 603, 604 [2005]).

Moreover, the hearing court properly found that the police had probable cause to arrest the defendant (*see People v Yunga*, 110 AD3d 1018 [2013]; *People v Prego*, 102 AD3d 814, 814-815 [2013]). Accordingly, the court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence recovered incident to his arrest (*see People v Peradze*, 15 AD3d 678, 678-679 [2005]; *People v Maldonado*, 244 AD2d 759, 762 [1997]).

Contrary to the People's contention, the defendant's argument that the evidence was legally insufficient to support his conviction of murder in the second degree (felony murder) is preserved for appellate review inasmuch as the defendant raised this issue with sufficient specificity in his motion for a trial order of dismissal at the close of the People's case (*see* CPL 470.05 [2]; *People v Anthony*, 114 AD3d 866 [2014]; *People v Albert*, 40

AD3d 1115, 1116 [2007]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that the defendant assaulted the decedent with the intent to rob him. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention, raised in his pro se supplemental brief, that the evidence was legally insufficient to support his conviction of robbery in the second degree is only partially preserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Pitre*, 108 AD3d 643, 643 [2013]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d at 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that various remarks made by the prosecutor during the opening statement and the summation were improper and deprived him of a fair trial is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, while some of the prosecutor's comments made during summation were improper, they did not deprive the defendant of a fair trial (*see People v Almonte*, 23 AD3d 392, 394 [2005]).

The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit. Dillon, J.P., Lott, Austin and Barros, JJ., concur.