■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMMIE CURTIS, Appellant. [989 NYS2d 610]—

Appeal by the defendant from a resentence of the County Court, Dutchess County (Greller, J.), imposed August 17, 2011, upon his conviction of assault in the first degree, upon his plea of guilty, the resentence being a period of postrelease supervision in addition to the determinate term of imprisonment previously imposed by the same court (Hayes, J.) on April 13, 2004.

Ordered that the resentence is affirmed.

Since the defendant had not yet completed serving his originally imposed sentence of imprisonment when he was resentenced, his resentencing to a term that included a statutorily required period of postrelease supervision did not subject him to double jeopardy or violate his right to due process of law (*see People v Lingle*, 16 NY3d 621, 630-633 [2011]; *People v Hernandez*, 110 AD3d 918, 919 [2013]; *People v Brown*, 110 AD3d 730, 731 [2013]).

Moreover, as the defendant was informed at the plea proceeding that he faced a five-year period of postrelease supervision, acknowledged as much, and thereafter entered a plea of guilty, the defendant's plea was not rendered involuntary or unknowing due to any failure on the part of the County Court to advise him that a period of postrelease supervision would constitute part of his sentence (*see People v Blunt*, 93 AD3d 675, 676 [2012]; *cf. People v Boyd*, 12 NY3d 390 [2009]; *People v Catu*, 4 NY3d 242 [2005]).

Additionally, the resentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's right to appeal from his resentence is limited to the correction of errors at the resentencing proceeding (*see* CPL 470.15 [1]; *People v Lingle*, 16 NY3d at 635). Accordingly, the defendant's contentions which relate to alleged errors in the plea proceeding are not properly before this Court. Moreover, those contentions were, or could have been, raised on the defendant's prior appeal from the judgment of conviction rendered April 13, 2004 (*see People v Curtis*, 33 AD3d 721 [2006]). Rivera, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.