■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JARETTE ANDERSON, Appellant. [60 NYS3d 184]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered April 7, 2016, convicting him of criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the fourth degree, criminal possession of a controlled substance in the fifth degree (two counts), menacing a police officer, criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree (two counts), and resisting arrest, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

The hearing court properly found that the police had probable cause to arrest the defendant (*see People v Yunga*, 110 AD3d 1018 [2013]; *People v Prego*, 102 AD3d 814, 814-815 [2013]; *cf. People v Robinson*, 103 AD3d 421, 421-422 [2013]). Accordingly, the court properly declined to suppress the physical evidence recovered, and the statements he made to law enforcement officials, incident to his arrest (*see People v Peradze*, 15 AD3d 678, 678-679 [2005]; *People v Maldonado*, 244 AD2d 759, 762 [1997]).

The defendant contends that his plea of guilty was not knowing, voluntary, or intelligent. This issue is unpreserved for appellate review, since the defendant failed to move to vacate his plea prior to the imposition of sentence or otherwise raise the issue in the Supreme Court (*see People v Molina*, 146 AD3d 815, 815-816 [2017]; *People v Sirico*, 135 AD3d 19, 22 [2015];

*People v Isaiah S.*, 130 AD3d 1081, 1081-1082 [2015]). In any event, the defendant's contentions are belied by the record. The record reveals that the court advised the defendant of his rights under *Boykin v Alabama* (395 US 238 [1969]) and other constitutional rights he was forfeiting by pleading guilty (*see People v Molina*, 146 AD3d at 816; *People v Sirico*, 135 AD3d at 22; *People v Isaiah S.*, 130 AD3d at 1082). Furthermore, the defendant acknowledged that he had discussed the plea with his attorney and that he was satisfied with his attorney's representation (*see People v Molina*, 146 AD3d at 816). The record as a whole affirmatively demonstrates that the defendant entered his plea of guilty knowingly, voluntarily, and intelligently (*see People v Conceicao*, 26 NY3d 375, 382-383 [2015]; *People v Harris*, 61 NY2d 9, 19-20 [1983]; *People v Molina*, 146 AD3d at 816).

The defendant's remaining contention is without merit. Balkin, J.P., Chambers, Maltese and Duffy, JJ., concur.