People v Smith (2020 NY Slip Op 04787)





People v Smith


2020 NY Slip Op 04787


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-15169
 (Ind. No. 1636/17)

[*1]The People of the State of New York, respondent,
v
Lydell C. Smith, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Caren C. Manzello and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Martin Efman, J.), rendered December 5, 2018, convicting him of gang assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, his waiver of his right to appeal was valid, as the record indicates that it was knowingly, voluntarily, and intelligently made (see People v Thomas, 34 NY3d 545; People v Sanders, 25 NY3d 337, 341-342; People v Ramos, 7 NY3d 737, 738; People v Torres, 179 AD3d 846). The defendant's valid waiver of his right to appeal precludes appellate review of his challenge to the County Court's suppression determination (see People v Sanders, 25 NY3d at 342; People v Kidd, 100 AD3d 779, 779), and of his contention that the court erred in failing to preclude certain evidence based on the People's failure to provide notice as required pursuant to CPL 710.30 (see generally People v Ceparano, 96 AD3d 774, 775).
To the extent the defendant challenges the voluntariness of his plea of guilty, his claim is unpreserved for appellate review, since he did not move to vacate his plea on the asserted ground prior to the imposition of sentence or otherwise raise the issue before the County Court (see People v Ribeiro, 171 AD3d 1219, 1219; People v Anderson, 152 AD3d 616, 616-617). In any event, the record demonstrates that the defendant's plea was knowingly, intelligently, and voluntarily entered (see People v Ribeiro, 171 AD3d at 1219; People v Anderson, 152 AD3d at 617).
MASTRO, J.P., MALTESE, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court