People v Elting (2021 NY Slip Op 01064)





People v Elting


2021 NY Slip Op 01064


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-00821
2019-02640

[*1]The People of the State of New York, respondent,
v
Daniel Elting, appellant. (Ind. Nos. 2348/17, 532/18)


Laurette D. Mulry, Central Islip, NY (Anju M. Alexander of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Michael J. Brennan and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Suffolk County (Timothy P. Mazzei, J.), both rendered May 11, 2018, convicting him of attempted criminal possession of a controlled substance in the third degree under Indictment No. 2348/17, and attempted criminal sale of a controlled substance in the third degree under Indictment No. 532/18, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant contends that his pleas of guilty were not knowing, intelligent, and voluntary. A defendant's contention that his plea was not knowing, intelligent, and voluntary survives a valid appeal waiver (see People v Bhuiya, 181 AD3d 699, 700; People v Fontanet, 126 AD3d 723). Consequently, we need not determine whether the purported appeal waiver was valid, notwithstanding the parties' arguments disputing that issue (see People v Ward, 140 AD3d 903, 904).
Contrary to the defendant's contentions, he was adequately advised of the constitutional rights he was forfeiting by pleading guilty (see Boykin v Alabama, 395 US 238, 243; People v Flinn, 188 AD3d 1093; People v Anderson, 152 AD3d 616, 617), and the record affirmatively demonstrates the defendant's understanding and waiver of these rights (see People v Flinn, 188 AD3d 1093; People v Sherman, 177 AD3d 777, 779).
RIVERA, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court