People v Stevens (2022 NY Slip Op 02138)





People v Stevens


2022 NY Slip Op 02138


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2017-13445
 (Ind. No. 105/16)

[*1]The People of the State of New York, respondent,
v
Edward L. Stevens, appellant.


Del Atwell, East Hampton, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered November 9, 2017, convicting him of criminal sexual act in the third degree (three counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his videotaped statements to law enforcement officials.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the County Court properly denied that branch of his omnibus motion which was to suppress his videotaped statements to law enforcement officials. "At a hearing to suppress statements made to law enforcement officials, the People have the burden of demonstrating, beyond a reasonable doubt, that the defendant's statements were voluntary and, if applicable, that the defendant knowingly, intelligently, and voluntarily waived his or her Miranda rights prior to making the statements" (People v Loucks, 125 AD3d 890, 890 [citations omitted]; see Miranda v Arizona, 384 US 436, 444; People v Williams, 62 NY2d 285, 288-289; People v Anderson, 42 NY2d 35; People v Huntley, 15 NY2d 72). "Whether a defendant knowingly and intelligently waived his or her rights to remain silent and to an attorney is determined upon an inquiry into the totality of the circumstances surrounding the interrogation" (People v Santos, 112 AD3d 757, 758 [internal quotation marks omitted]).
Here, the People established beyond a reasonable doubt that the defendant's videotaped statements were made after he knowingly, voluntarily, and intelligently waived his constitutional rights, and were not the product of coercion (see People v Sanders, 119 AD3d 713). Furthermore, the record does not support the defendant's contention that his statements were taken in violation of his right to counsel. The record reflects that the defendant invoked his right to counsel only after he had made his statements, and law enforcement officials did not engage in further interrogation once the defendant invoked the right to counsel (see generally People v Cunningham, 49 NY2d 203).
The County Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. "A motion to withdraw a plea of guilty rests [*2]within the sound discretion of the court, and generally will not be disturbed absent an improvident exercise of discretion" (People v Jackson, 170 AD3d 1040, 1040; see CPL 220.60[3]). "When a defendant moves to withdraw a plea of guilty, the nature and extent of the fact-finding inquiry rests largely in the discretion of the court, and a hearing will be granted only in rare instances" (People v Jackson, 170 AD3d at 1040; see People v Tinsley, 35 NY2d 926). Here, the record establishes that the defendant knowingly, voluntarily, and intelligently entered his plea of guilty (see People v Jackson, 170 AD3d at 1040). Since the court properly denied that branch of the defendant's omnibus motion which was to suppress his videotaped statements to law enforcement officials, there is no merit to the defendant's contention that the court should have permitted him to withdraw his plea of guilty because his decision to plead guilty was premised on the erroneous admission of his videotaped statements.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
IANNACCI, J.P., MILLER, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court