■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON LORD, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 14, 1973, convicting him of possession of weapons, etc., as a felony, upon his plea of guilty, and imposing sentence. Judgment affirmed. Given the "narcotics buy operation" which was taking place near the scene of the arrest at the time Officer Sednaouiy claimed to have seen defendant walking down the street with a gun in his hand, we do not find that the officer's testimony was incredible or that it was tailored to meet constitutional objections. The plea minutes show that defendant was fully aware of the consequences of his plea and that he believed that if he could show innocent, temporary possession of the gun, he *would* be acquitted. Thus, defendant pleaded guilty because allegedly he did not have the witnesses to support his story of how he came to have possession of the gun, a story we note (and defendant must have noted) which has the same qualities of being "tailored" that defendant attributes to the police officer's suppression hearing testimony (see *People v Messado,* 49 AD2d 560, where the court said: "Nevertheless, if possession is incidental to disarming a wrongful possessor * * * or in self-defense * * * the jury must be instructed as to the parameters of the defense being offered"). Under those circumstances, and in the hope of receiving some consideration on sentence despite his record, defendant pleaded guilty and the court properly took the plea (see *North Carolina v Alford,* 400 US 25). Latham, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL LUGO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 1, 1974, convicting him of criminally selling a dangerous drug in the third degree, criminal possession of a dangerous drug in the fourth degree and criminal possession of a dangerous drug in the sixth degree (two counts), upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of (1) criminal possession of a dangerous drug in the fourth degree and (2) criminal possession of a dangerous drug in the sixth degree under the third count of the indictment, and the sentences imposed thereon, and the said counts are dismissed. As so modified, judgment affirmed. The findings of fact are affirmed. Under the facts of this case, defendant could not have committed criminally selling a dangerous drug in the third degree without also having committed criminal possession of a dangerous drug in the fourth and sixth degrees under the second and third counts of the indictment. The guilty verdict on the criminal sale count requires dismissal of the above-described criminal possession counts (see CPL 300.40, subd 3, par [b]; *People v Grier,* 37 NY2d 847). We have examined the other contentions raised by defendant and find them to be without merit. Latham, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.