■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MILLER, Appellant.—Appeal by defendant from a judgment of the County Court, Dutchess County, rendered May 1, 1975, convicting him of assault in the second degree (two counts), upon a plea of guilty, and imposing sentence.

Judgment affirmed (cf. *People v Francis,* 38 NY2d 150; *People v Lord,* 53 AD2d 650). Martuscello, Cohalan and Shapiro, JJ., concur; Damiani, J., dissents and votes to reverse the judgment, and remit the case to the County Court for further proceedings, in accordance with the following memorandum, in which Hopkins, Acting P. J., concurs: Defendant, while offering to plead guilty, never in fact admitted his guilt. Throughout the proceeding he persisted in his assertion that he acted in self-defense, i.e., that he struck a correction officer, "a member of the Green Haven Goon Squad", on the arm with a stool because the officer was attempting to force his way into defendant's cell to attack him. He, nevertheless, offered to plead guilty because "I figure at a trial I couldn't establish my innocence." Neither counsel nor the court disabused defendant of his erroneous notion as to the burden of proof. The fact that at the outset of the plea proceeding the court stated, during a lengthy catechism, that "everybody in America has a right to put the people to the proof", did not relieve the court and counsel of their duty to properly advise defendant when he *subsequently expressed* his misunderstanding of the burden of proof. Defendant next appeared before the court on the day of sentencing and immediately applied to withdraw his plea because of a recent "homicide in Green Haven Prison." The court responded that "that is insufficient grounds. The defendant will be sentenced today, right now." On the allocution, defendant again asked to withdraw his plea and again alluded to the recent death of an inmate at Green Haven. Defendant apparently wished to demonstrate that a "Goon Squad" was in fact operating in Green Haven and that he had a valid defense which he now wished to present at a trial. Under all of the circumstances herein, it was an abuse of discretion for the court to summarily deny defendant's application to withdraw his guilty plea. "It is not tolerable for the State to punish its members *over protestations of innocence if there be doubt as to their guilt, or if they be unaware of their rights, or if they have not had* opportunity to make a voluntary and rational decision with *proper advice* in pleading guilty. * * * It is also quite clear that where initial inquiry exposes difficulties or subsequent interpositions by defendant on sentencing raise questions, the court should be quick to offer the defendant an opportunity to withdraw his plea and at the very least conduct a hearing. Such opportunities offered will squelch the faker and protect the truly misguided ones; and prompt hearings will be better than later ones after direct appeal or collateral post-conviction attack" *(People v Nixon,* 21 NY2d 338, 354–355; emphasis supplied).