■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM JOHN MEEGAN, Appellant.—Appeal from a judgment of the County Court of Sullivan County, rendered August 18, 1976, convicting defendant on his plea of guilty of the crime of attempted manslaughter in the second degree and sentencing him to an indeterminate term of imprisonment of not less than three and one-half years or more than seven years. Defendant was indicted for the crimes of murder in the second degree (Penal Law, § 125.25, subd 1), and arson in the second degree (Penal Law, § 150.15). It is alleged that defendant intentionally caused the death of Peter John Rivera by stabbing him a number of times, and that he intentionally set fire to the deceased's mobile home. The jury was unable to reach a verdict on the first trial of the indictment, and after eight days of the second trial, the defendant pleaded guilty to a charge of attempted manslaughter in the second degree in violation of sections 110.00 and 125.15 of the Penal Law. The basic issues raised on this appeal are whether or not defendant's guilty plea was intelligent and voluntary, and whether the trial court erred in imposing sentence after the defendant denied his guilt. We note at the outset that following a dispute between the defendant and his original counsel, an attorney for the Sullivan County Legal Aid Society, the court appointed Mr. Glass as new counsel who represented the defendant at the first trial. Thereafter Mr. Glass was discharged by the defendant and the court assigned Mr. Forte as defense counsel. Prior to the second trial, the defendant expressed his dissatisfaction with Mr. Forte and requested other counsel. The defendant acquiesced in the court's refusal to again assign new counsel, and waived his right to counsel. Thereupon, with the court's permission, the defendant appeared *pro se* with Mr. Forte acting as "legal adviser" on the second trial. The trial culminated with the defendant's plea of guilty to a reduced charge of attempted manslaughter in the second

degree, resulting in the judgment of conviction and the sentencing of the defendant as a predicate felon to an indeterminate term of imprisonment of not less than three and one-half years and not more than seven years. He was credited with two years of the minimum term already served in the county jail. At the time the plea of guilty was entered to the reduced charge, the People promised a statement that the State of Texas would not seek extradition of the defendant for violation of probation under a sentence there if he pleaded guilty in the New York prosecution. The court then began questioning the defendant, after noting that discussions had been held in chambers, including some discussion as to sentencing. The defendant stated that he had discussed the matter with his legal advisor, Mr. Forte; that he understood a plea of guilty would waive his rights to a jury trial and confrontation of witnesses; that he would be pleading to a class D felony, punishable by up to seven years in jail; that if he were a predicate felon he could be given a minimum sentence of three and one-half years; and that he was not induced to plead by promise or threat of any kind. A colloquy then took place between the defendant and the court wherein the defendant stated freely and unequivocally that he was willing to plead guilty to avoid being exposed to the possibility of spending the rest of his life in prison; and because, by pleading guilty to a class D felony, he would be eligible for parole after three and one-half years, whereas if convicted of murder he would be required to serve at least 15 years before being eligible for parole. It is clear from this record that the defendant's claim that his plea was improperly induced by threat of extradition to Texas as well as by improper influence of counsel is without merit. The record discloses further that the plea bargaining discussions were initiated by the defendant through his attorney, and it was the defendant who first broached the subject of extradition and requested that the agreement relating thereto be placed on the record. Nor do we find any violation of duty or obligation on the part of counsel. The record reveals simply that the defendant was unable to get along with any one of the three attorneys who attempted to assist him. The record also makes clear that the defendant's legal sophistication was well above that of the average defendant; that he himself participated in the various legal proceedings and had an adequate understanding of them. Coupled with the court's enumeration of rights waived and solicitation of defendant's informed responses, the colloquy between the defendant and the court at the time the plea was entered certainly meets minimum constitutional requirements. There is no uniform mandatory catechism required before a plea is accepted. Rather, structure of the inquiry is left to the sound discretion of the trial court *(People v Nixon,* 21 NY2d 338, cert den *sub nom. Robinson v New York,* 393 US 1067). Defendant challenges the voluntariness of his plea for the additional reason that no inquiry was made by the trial court as to the existence of any evidence which would tend to support the plea, in the face of defendant's protestations of innocence at the time of sentencing. The plea was accepted after the defendant had gone through one trial and eight days of a second trial, and after a full and satisfactory statement by him of his desire to plead guilty. In response to the court's inquiry at the time of sentencing the defendant stated that he had no desire to withdraw his plea of guilty. Despite his refusal to admit commission of the crime the People fairly demonstrated substantial evidence of guilt thus rendering defendant's guilty plea a rational alternative for trial for murder and arson *(People v Friedman,* 39 NY2d 463). The plea is not compelled within the meaning of the Fifth Amendment because it was entered in order to avoid the possibility of a more severe sentence. Nor is

there any constitutional bar to the imposition of a prison sentence upon an accused who is unwilling to admit guilt but who is willing to waive trial and accept sentence. A person charged with commission of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling to admit his participation in the acts constituting the crime *(North Carolina v Alford,* 400 US 25). Lastly, the possibility of an uninformed or involuntary plea is greatly diminished when, as is the case here, a defendant experienced and knowledgeable in the ways of criminal proceedings, has been fully apprised of all the evidence against him *(People v Friedman, supra).* We also conclude that the question of whether certain admissions of guilt made by the defendant were properly received in evidence was one of credibility in view of the conflict in the testimony, which was for the court's determination at the suppression hearing. On this record, we find no reason to disagree with that determination. The defendant next contends that he was improperly sentenced as a predicate felon since the statutory criteria was not met. The statute provides that "The conviction must have been * * * in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year * * * was authorized and could be authorized in this state". (Penal Law, § 70.06, subd 1, par [b], cl [i].) The defendant admitted that he pleaded guilty to the felony offense of theft, for which a sentence of four years was imposed, and then suspended, and he was placed on probation. However, on this record, it is unclear whether the theft committed in Texas constituted the commission of a crime equivalent to a felony in New York State, or whether a sentence in excess of one year would have been authorized in this State. The court erred, therefore, in failing to make further inquiry in this regard before treating the defendant as a predicate felon. We have carefully examined the several other contentions raised by the defendant and find them without merit. Judgment modified, on the law and the facts, by vacating the sentence imposed; matter remitted for resentencing, and, as so modified, affirmed. Koreman, P. J., Sweeney, Mahoney, Larkin and Mikoll, JJ., concur.