■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD L. DUBAY, Appellant. — Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered July 14, 1982, convicting defendant upon his plea of guilty of the crime of criminal solicitation in the third degree. As a result of an incident which occurred on March 25, 1980 in the Town of Chester wherein defendant, age 54, allegedly attempted to cause a young girl, age 12, to commit the crime of sodomy in the second degree (Penal Law, § 130.45) by engaging in acts of deviate sexual intercourse, defendant was indicted for the crime of criminal solicitation in the third degree, a class E felony (Penal Law, § 100.08). Thereafter, following extensive plea negotiations, defendant pleaded guilty, on October 13, 1981, to the crime charged without acknowledging his guilt thereof under the rationale of the United States Supreme Court decision in *North Carolina v Alford* (400 US 25), and he was subsequently sentenced in accordance with the plea-bargained agreement to a one-year term in the Warren County Jail. On this appeal, defendant initially argues that the court erred in denying, without a hearing, his motion to dismiss the indictment. We disagree. Defendant bases this contention upon the allegation that an unauthorized person, to wit, one Harold Olden, who was the father of his paramour and hostile toward defendant, was or may have been present during the offer of evidence to or the deliberations of the Grand Jury when defendant's case was being considered. Upon the instant record, it is clear, however, that defendant had the assistance of experienced counsel who, as early as June 25, 1980, was aware of Mr. Olden being a member of the Grand Jury panel. Nonetheless, in an omnibus motion addressed to the court and dated July 31, 1980, counsel made no mention of Mr. Olden's possibly having been present during consideration of defendant's case, and he ultimately assisted defendant in gaining the court's acceptance of an *Alford* plea without ever raising the issue. Additionally, the record contains little other than speculation in a newspaper article to indicate that Mr. Olden may have been improperly present, and nothing of a solid evidentiary nature has been alleged suggesting that defendant was unduly prejudiced by the procedures followed. In our judgment, given these circumstances, the court did not abuse its discretion under CPL 210.35 or 210.40 (subds 1, 2) in denying the subject dismissal motion. Similarly, the court did not err when, prior to sentencing, it denied defendant's motion to withdraw his plea of guilty. It is apparent from an examination of the record that there was strong evidence of defendant's actual guilt, and that defendant intelligently concluded, after careful consideration of all his options with his attorney, that his best interests required the entry of a guilty plea. Not only was he fearful of receiving a much greater sentence if he were convicted following trial, but also any finding of guilt other than by an *Alford* plea could well have prejudiced him in a pending civil action (cf. *People v Meegan*, 59 AD2d 576). Furthermore, the court thoroughly examined defendant to ensure

that he understood the consequences of his action and was freely entering his plea. Such being the case, the refusal to allow defendant to withdraw the plea should not be disturbed (see *People v Frederick,* 45 NY2d 520). Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur