■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS H. MARLOWE, Appellant. — Kane, J. Appeal from a judgment of the County Court of Chenango County (Ingraham, J.), rendered March 30, 1984, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

Defendant was indicted on January 4, 1983 for, among other things, second degree murder. The charges stemmed from his participation in a robbery of a convenience store on September 16, 1982 in the Town of Afton, Chenango County, in which the store clerk was shot to death by codefendant Dennis Neu. Defendant and Neu were also indicted in Broome County for a similar robbery/murder, occurring on September 21, 1982, at a convenience store in the City of Binghamton. Defendant retained the same attorney in both cases.

On May 11, 1983, after a jury trial, defendant was convicted of murder in the second degree in the Broome County case. On June 3, 1983, defendant appeared in Chenango County Court for the purpose of entering a guilty plea, with the condition that if he cooperated with the prosecution of Neu, he would then receive concurrent sentences for both the Broome and Chenango County convictions. At the plea proceeding, after a relatively lengthy colloquy and several recesses, County Court accepted defendant's plea of guilty to the crime of second degree murder.

Defendant subsequently discharged his retained attorney, new counsel was assigned, and defendant requested leave to

withdraw his guilty plea. A hearing was held on the matter and, after hearing testimony from defendant and his former attorney, County Court, in a written decision, denied defendant's application to withdraw his plea.

On March 30, 1984, defendant was sentenced to 20 years to life concurrent with the same sentence imposed for the Broome County conviction. This appeal ensued.

Defendant initially contends that County Court erred in refusing to vacate his plea because it was not knowingly, intelligently and voluntarily made. This contention must be rejected. The record of the plea proceeding indicates that defendant intelligently and voluntarily concluded that his best interest required him to plead guilty, and defendant's allocution strongly suggests his actual guilt (*see, North Carolina v Alford,* 400 US 25). Defendant was fearful of receiving consecutive sentences and the plea bargain allowed him to plead guilty without receiving a consecutive sentence. Defendant's attorney explained the consequences of the plea to him numerous times, and County Court thoroughly examined defendant to ensure that he understood the consequences of his plea and was freely giving it. Further, a review of the record reveals that defendant's suggestion that both the District Attorney and his own attorney coerced the guilty plea is without merit. Accordingly, the refusal to allow defendant to withdraw his plea should not be disturbed (*see, People v Dubay,* 95 AD2d 900; *People v Lord,* 53 AD2d 650).

Finally, we have reviewed defendant's contention that he was denied effective assistance of counsel and find that assertion wholly lacking in merit.

Judgment affirmed. Mahoney P. J., Kane, Casey and Weiss, JJ.