■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN JONES, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered May 10, 1983, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

Defendant did not raise his objection to the adequacy of his plea allocution in the court of first instance and thus failed to preserve his claim for appellate review as a matter of law (*People v Pellegrino,* 60 NY2d 636; *People v Pascale,* 48 NY2d 997).

In any event, it is settled that a guilty plea will be upheld if it was entered knowingly, voluntarily, and with understanding of

the consequences (*North Carolina v Alford,* 400 US 25). If these criteria are met, a plea will not be vacated merely because the defendant was unwilling or unable to describe or admit to the underlying facts of the charged crime (*see, People v Serrano,* 15 NY2d 304; *People v Meegan,* 59 AD2d 576). This is especially true here, where defendant did not enter his plea until after the People presented their direct case at a court-ordered *Wade* hearing. The case against defendant appearing strong, it was a rational choice for defendant to desire to limit the possible penalty to which he would be exposed had he gone to trial (*see, North Carolina v Alford, supra,* p 31). We note that defendant was represented by competent trial counsel and, even on this appeal, does not actually assert his innocence as to the crime of which he was convicted. Reversal of his conviction would not be in the interest of justice (*see, People v Santiago,* 100 AD2d 857). Mangano, J. P., Gibbons, Brown and Lawrence, JJ., concur.