■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ADDEO, Appellant. [638 NYS2d 351] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered February 6, 1995, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The Supreme Court correctly denied the defendant's motion to withdraw his plea of guilty. The plea was knowing, intelligent, and voluntary in all respects (see, People v Billings, 208 AD2d 941; People v Williams, 206 AD2d 398; see also, People v Moloney, 216 AD2d 163). The defendant admitted his guilt without protest (see, People v Latimer, 176 AD2d 350) and he expressly acknowledged that as part of his plea, he was waiving any claim of self defense (see, People v McGriff, 216 AD2d 330). He acknowledged that he had discussed his plea with counsel and was satisfied with the representation he received (see, People v Tuttle, 141 AD2d 584). Accordingly, the defendant's present unsupported, conclusory contentions do not warrant reversal (see, People v Miller, 54 AD2d 765, affd 42 NY2d 946).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Copertino, Joy and Altman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BRAMMER, JR., Appellant. [638 NYS2d 346] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated January 25, 1993 (People v Brammer, 189 AD2d 885), affirming a judgment of the County Court, Dutchess County, rendered September 28, 1989.

Ordered that the application is denied.

The defendant has failed to establish that he was denied the effective assistance of appellate counsel (see, Jones v Barnes, 463 US 745). Miller, J. P., Ritter, Sullivan and Pizzuto, JJ., concur.