■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS VASQUEZ, Appellant. [837 NYS2d 693]—Appeal by the defendant from a judgment of the County Court, Rockland County

(Kelly, J.), rendered August 10, 2005, convicting him of robbery in the first degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions that his plea was not knowingly, voluntarily, or intelligently made, and that he did not receive the effective assistance of trial counsel, are unpreserved for appellate review since he did not move to withdraw his plea on these grounds prior to sentencing (*see People v Clarke,* 93 NY2d 904, 906 [1999]; *People v Pellegrino,* 60 NY2d 636, 637 [1983]; *People v Wilson,* 37 AD3d 744 [2007]; *People v Lopez,* 34 AD3d 599 [2006]; *People v Cumba,* 32 AD3d 444 [2006]), or based partly on matter dehors the record which cannot be reviewed on direct appeal (*see People v Wilson, supra; People v Reina,* 35 AD3d 509 [2006]). In any event, the defendant's plea of guilty was knowingly, intelligently, and voluntarily entered (*see People v Harris,* 61 NY2d 9, 17 [1983]). Moreover, to the extent that the defendant's claim that defense counsel rendered ineffective assistance is reviewable on direct appeal, defense counsel provided meaningful representation (*see People v Benevento,* 91 NY2d 708, 714 [1998]; *People v Baldi,* 54 NY2d 137, 147 [1981]).

The defendant's valid waiver of his right to appeal precludes review of his claims that the sentence imposed was excessive (*see People v Ramos,* 7 NY3d 737, 738 [2006]; *People v Lopez,* 6 NY3d 248, 253 [2006]; *People v Seaberg,* 74 NY2d 1, 11 [1989]), and that the County Court improvidently exercised its discretion in denying him youthful offender status (*see People v Valentin,* 15 AD3d 424 [2005]; *People v Friedlander,* 11 AD3d 556 [2004]; *People v Lofton,* 6 AD3d 629, 629-630 [2004]). Rivera, J.P., Goldstein, Dillon and Carni, JJ., concur.