■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN SHEMACK, Appellant. [845 NYS2d 914]—Appeal by the defendant from a judgment of the County Court, Nassau County (Carter, J.), rendered December 23, 2003, convicting him of arson in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of his omnibus motion which was to suppress physical evidence and statements made to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record clearly establishes that his plea of guilty " 'represent[ed] a voluntary and intelligent choice among alternative courses of action open to [him]' " (*People v Louree,* 8 NY3d 541, 545 [2007], quoting *People v Ford,* 86 NY2d 397, 403 [1995]).

Contrary to the People's contention, however, the defendant's waiver of his right to appeal was ineffective, as there is no indication in the record "that defendant understood the distinction between the right to appeal and other trial rights forfeited incident to a guilty plea" (*People v Moyett,* 7 NY3d 892, 893 [2006]; *see People v Lopez,* 6 NY3d 248, 257 [2006]; *People v Elcine,* 43 AD3d 1176 [2007]). Based on the evidence adduced at the suppression hearing, we find no error in the hearing court's determination (*see People v Delfino,* 234 AD2d 382, 383 [1996]; *People v Baird,* 155 AD2d 918, 919 [1989]; *see also Stansbury v California,* 511 US 318, 323-324 [1994]; *People v Rodney P. [Anonymous],* 21 NY2d 1, 6 [1967]; *People v Petty,* 204 AD2d 125, 126 [1994]).

The defendant's claim of ineffective assistance of counsel is based on matter dehors the record and, therefore, cannot be reviewed on direct appeal (*see People v Hernandez,* 44 AD3d 684 [2007]; *People v Maize,* 40 AD3d 884 [2007]).

The defendant's remaining contention is without merit. Crane, J.P., Rivera, Angiolillo and Dickerson, JJ., concur.