■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE MOSS, Appellant. [894 NYS2d 123]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered July 21, 2008, convicting him of sexual abuse in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

"A motion to withdraw a plea of guilty rests within the sound discretion of the County Court" (*People v McGhee*, 62 AD3d 1027 [2009]; *see People v Seeber*, 4 NY3d 780 [2005]; *People v Pooler*, 58 AD3d 757 [2009]; *People v Drago*, 50 AD3d 920 [2008]; *People v Mann*, 32 AD3d 865 [2006]; *People v Kucharczyk*, 15 AD3d 595 [2005]). The County Court's "determination generally will not be disturbed absent an improvident exercise of discretion" (*People v McGhee*, 62 AD3d at 1027; *see People v Pooler*, 58 AD3d at 757; *People v DeLeon*, 40 AD3d 1008 [2007]). A number of the defendant's contentions in connection with his claim that his plea was not knowingly, voluntarily, or intelligently made are based on matters dehors the record, and thus cannot be reviewed on direct appeal (*see People v Vasquez*, 40 AD3d 1134, 1135 [2007]). To the extent that the defendant's claim can be reviewed, the record establishes that the defendant knowingly, voluntarily, and intelligently entered his negotiated plea of guilty (*see generally People v Catu*, 4 NY3d 242, 244-245 [2005]; *People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Harris*, 61 NY2d 9, 16-17 [1983]; *People v Rhodes*, 62 AD3d 815, 816 [2009]). Accordingly, the County Court providently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty.

The defendant's claim that he was deprived of the effective assistance of counsel, which allegedly rendered his plea involuntary, is also based principally on matter dehors the record, which cannot be reviewed on direct appeal (*see People v Shemack*, 46 AD3d 582, 583 [2007]; *People v Bolden*, 44 AD3d 784 [2007]; *People v Vasquez*, 40 AD3d at 1135; *People v Martinez*, 33 AD3d 631, 632 [2006]; *People v Cumba*, 32 AD3d 444, 444 [2006]). To the extent that the defendant's claim can be reviewed, the defendant's attorney assisted him in obtaining a favorable plea agreement which limited the defendant's sentence to six years probation and no period of incarceration, and there is nothing in the record which casts doubt on counsel's effectiveness (*see*

*People v Ford*, 86 NY2d 397 [1995]; *People v Jackson*, 56 AD3d 492, 493 [2008]; *People v Charpentier*, 44 AD3d 680, 681 [2007]; *People v Brooks*, 36 AD3d 929, 930 [2007]; *People v Grimes*, 35 AD3d 882, 883 [2006]). Rivera, J.P., Dickerson, Chambers and Hall, JJ., concur.