■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMEL PETERSON, Appellant. [943 NYS2d 781]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered August 30, 2007, convicting him of murder in the second degree and robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was not knowing and voluntary because he was told prior to the plea proceeding that the promised prison sentence on the charge of murder in the second degree was 18 years, whereas he received a prison sentence of 20 years to life on that charge, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Carr*, 89 AD3d 1033 [2011], *lv denied* 18 NY3d 923 [2012]; *People v Hernandez-Bautista*, 89 AD3d 749 [2011]), and, in any event, without merit. The defendant was advised by the County Court at the plea proceeding that the promised prison sentence on the charge of murder in the second degree was capped at 20 years to life, and the defendant, having been so advised, thereafter pleaded guilty to that count. The defendant's remaining contention as to why his plea was not knowingly, voluntarily, or intelligently made is based upon matter dehors the record, which cannot be reviewed on direct appeal (*see People v Moss*, 70 AD3d 862 [2010]).

The defendant's claim that he was deprived of the constitutional right to the effective assistance of counsel is based, in

part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a " 'mixed claim' " of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011], *cert denied* 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Skelos, J.P., Dickerson, Hall, Roman and Cohen, JJ., concur.