Appeal by the defendant from a judgment of the Supreme Court, Kings County (Reichbach, J.), rendered April 28, 2011, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
When a criminal defendant waives the fundamental right to trial by jury and pleads guilty, due process requires that the waiver be knowing, voluntary, and intelligent (see NY Const, art I, § 6; People v Hill, 9 NY3d 189, 191 [2007], cert denied 553 US 1048 [2008]; People v Ford, 86 NY2d 397, 403 [1995]). Here, the plea allocution demonstrates that the defendant’s plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Fiumefreddo, 82 NY2d 536, 543 [1993]; People v Lopez, 71 NY2d 662, 666 [1988]; People v Harris, 61 NY2d 9, 16 [1983]). The defendant’s contention that the plea allocution was factually insufficient is unpreserved for appellate review (see CPL 470.05 [2]). Moreover, the “rare case” exception to the preservation requirement does not apply here because the defendant’s allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (People v McNair, 13 NY3d 821, 822 [2009] [internal quotation marks omitted]; see People v Lopez, 71 NY2d at 666 and n 2).
Further, a motion to withdraw a plea of guilty is addressed to the sound discretion of the Supreme Court, and its determination generally will not be disturbed absent an improvident exercise of discretion (see People v Seeber, 4 NY3d 780 [2005]; People v Pelaez, 100 AD3d 803, 804 [2012]; People v Caruso, 88 AD3d 809 [2011]; People v Amanze, 87 AD3d 1159 [2011]). The Supreme Court did not improvidently exercise its discretion in denying, after a hearing, the defendant’s motion to withdraw his plea of guilty (see CPL 220.60).
*960 The defendant’s remaining contentions are without merit. Skelos, J.E, Leventhal, Hall and Sgroi, JJ., concur.