■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEANNA MOLINA, Appellant. [46 NYS3d 122]—

Appeal by the defendant from a judgment of the County Court, Orange County (Freehill, J.), rendered July 9, 2014, convicting her of robbery in the first degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that her plea of guilty was not knowing, voluntary, or intelligent because she was not advised of certain constitutional rights she was forfeiting as a result of her plea of guilty, and because there was no inquiry as to whether she had discussed with her attorney the constitutional rights she was forfeiting. While the defendant validly waived her right to appeal (*see People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Muniz*, 91 NY2d 570, 575 [1998]), her contentions concerning the voluntariness of her plea of guilty survive her appeal waiver (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v May*, 138 AD3d 1146 [2016]; *People v Murphy*, 114 AD3d 704, 705 [2014]; *People v Joseph*, 103 AD3d 665 [2013]). However, this issue is unpreserved for appellate review, since the defendant failed to move to vacate her plea prior to the imposition of sentence or

otherwise raise the issue in the County Court (*see People v Sirico*, 135 AD3d 19, 22 [2015]; *People v Isaiah S.*, 130 AD3d 1081, 1081-1082 [2015]; *People v Bennett*, 122 AD3d 871, 872 [2014]). In any event, the defendant's contentions are belied by the record. The record reveals that the court advised the defendant of her rights under *Boykin v Alabama* (395 US 238 [1969]) and other constitutional rights she was forfeiting by pleading guilty (*see People v Sirico*, 135 AD3d at 22; *People v Isaiah S.*, 130 AD3d at 1082; *People v Jackson*, 114 AD3d 807, 807-808 [2014]). Furthermore, the defendant acknowledged that she had discussed the plea with her attorney, that she had consulted with her attorney regarding all of her options and potential defenses, and that she was satisfied with her attorney's representation (*see People v Addeo*, 224 AD2d 539 [1996]; *People v Tuttle*, 141 AD2d 584, 585 [1988]). The record as a whole affirmatively demonstrates that the defendant entered her plea of guilty knowingly, voluntarily, and intelligently (*see People v Conceicao*, 26 NY3d 375, 382-383 [2015]; *People v Harris*, 61 NY2d 9, 19-20 [1983]; *People v May*, 138 AD3d 1146 [2016]).

The defendant's valid waiver of her right to appeal precludes appellate review of her contention that the sentence imposed was excessive (*see People v Seaberg*, 74 NY2d at 9). Dillon, J.P., Hall, Sgroi, Miller and Brathwaite Nelson, JJ., concur.