■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE THOMAS, Appellant. [53 NYS3d 195]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered May 12, 2015, convicting him of manslaughter in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his plea of guilty was not knowing, voluntary, or intelligent because he was not advised of certain constitutional rights he was forfeiting as a result of his plea of guilty. While the defendant validly waived his right to appeal (*see People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Muniz*, 91 NY2d 570, 575 [1998]; *People v Molina*, 146 AD3d 815 [2017]), his contentions concerning the voluntariness of his plea of guilty survive his appeal waiver (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Molina*, 146 AD3d 815 [2017]; *People v May*, 138 AD3d 1146 [2016]; *People v Murphy*, 114 AD3d 704 [2014]). However, this contention is unpreserved for appellate review, as the defendant failed to move to vacate his plea prior to the imposi-

tion of sentence or otherwise raise the issue before the County Court (*see People v Molina*, 146 AD3d 815 [2017]; *People v Sirico*, 135 AD3d 19, 22 [2015]; *People v Isaiah S.*, 130 AD3d 1081, 1081-1082 [2015]). In any event, the defendant's contentions are belied by the record. Some of the defendant's contentions in connection with his claim that his plea was not knowingly, voluntarily, or intelligently entered cannot be reviewed on direct appeal in that they are based on matter dehors the record, including his claims that he was on medication at the time of the plea and that potential jurors heard the plea negotiations (*see People v Moss*, 70 AD3d 862, 862 [2010]; *People v Vasquez*, 40 AD3d 1134, 1135 [2007]). To the extent that the defendant's claim can be reviewed, the record establishes that the defendant knowingly, voluntarily, and intelligently entered his negotiated plea of guilty (*see People v Moss*, 70 AD3d at 862). The record reveals that the court advised the defendant of his rights under *Boykin v Alabama* (395 US 238 [1969]), and other constitutional rights he was forfeiting by pleading guilty (*see People v Molina*, 146 AD3d 815 [2017]; *People v Sirico*, 135 AD3d at 22; *People v Isaiah S.*, 130 AD3d at 1082). Furthermore, the defendant acknowledged that he had discussed the plea with his attorney, that he had consulted with his attorney regarding the evidence that he would have presented at trial, and that he was satisfied with his attorney's representation (*see People v Molina*, 146 AD3d 815 [2017]). The record as a whole affirmatively demonstrates that the defendant entered his plea of guilty knowingly, voluntarily, and intelligently (*see People v Conceicao*, 26 NY3d 375, 382-383 [2015]; *People v Harris*, 61 NY2d 9, 19-20 [1983]; *People v Molina*, 146 AD3d 815 [2017]).

Further, the defendant's valid waiver of his right to appeal precludes review of his contention that the agreed-upon sentence, which was in fact imposed, was excessive (*see People v Lopez*, 6 NY3d at 255, 257; *People v Callahan*, 80 NY2d 273, 281 [1992]; *People v Seaberg*, 74 NY2d at 10; *People v Arias*, 100 AD3d 914 [2012]; *People v Hawthorne*, 85 AD3d 819 [2011]; *People v Benitez*, 84 AD3d 826, 827 [2011]). Balkin, J.P., Cohen, Hinds-Radix and Maltese, JJ., concur.