People v Ogando (2019 NY Slip Op 09027)





People v Ogando


2019 NY Slip Op 09027


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-11351
 (Ind. No. 1091/11)

[*1]The People of the State of New York, respondent,
v
Nolis Ogando, appellant.


Paul Skip Laisure, New York, NY (Kathleen Whooley of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Tina Grillo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joseph A. Zayas, J.), rendered September 22, 2016, convicting him of gang assault the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon his plea of guilty, of gang assault in the first degree, and his plea of guilty included a waiver of his right to appeal. Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337; People v Ramos, 7 NY3d 737; People v Batista, 167 AD3d 69, 73). The defendant's valid waiver of his right to appeal precludes appellate review of his contentions challenging the hearing court's suppression determination that his showup identification was not unduly suggestive (see People v Callahan, 80 NY2d 273; People v Williams, 36 NY2d 829; People v Garcia, 165 AD3d 1280, 1281; People v Corbin, 121 AD3d 803), that he was improperly denied youthful offender treatment (see People v Pacherille, 25 NY3d 1021, 1023-1024; People v Vasquez, 40 AD3d 1134, 1135; People v Lofton, 6 AD3d 629), and that his sentence was excessive (see People v Lopez, 6 NY3d 248; People v Callahan, 80 NY2d at 281; People v Seaberg, 74 NY2d 1, 10; People v Thomas, 150 AD3d 770; People v Arias, 100 AD3d 914, 915; People v Hawthorne, 85 AD3d 819; People v Benitez, 84 AD3d 826, 827; People v Vasquez, 40 AD3d at 1135).
AUSTIN, J.P., MILLER, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court