People v Parrish (2020 NY Slip Op 00305)





People v Parrish


2020 NY Slip Op 00305


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-01282
 (Ind. No. 2325-15)

[*1]The People of the State of New York, respondent,
v
Michael D. Parrish, appellant.


Laurette D. Mulry, Riverhead, NY (Kirk R. Brandt of counsel; Amanda E. Schaefer on the brief), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Marion Tang of counsel), for
respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John B. Collins, J.), rendered November 1, 2017, convicting him of burglary in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant failed to preserve for appellate review his challenges to the voluntariness of his plea of guilty (see People v Lopez, 6 NY3d 248, 256). In any event, the record belies his claim that his plea of guilty was not knowing, intelligent, and voluntary (see People v Mitchell, 166 AD3d 1233, 1234-1235).
We agree with the defendant that he did not validly waive the right to appeal. The County Court failed to explain the nature of the right to appeal and the consequences of waiving that right (see People v Lall, 174 AD3d 740). The fact that the defendant executed a written waiver of the right to appeal is not a complete substitute for an on-the-record explanation of the nature of the right to appeal (see People v Moncrieft, 168 AD3d 982, 984; People v Brown, 122 AD3d 133, 139). Thus, appellate review of his contention that the sentence imposed was excessive is not precluded by the purported waiver. However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., BALKIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court