People v Lewis (2020 NY Slip Op 02479)





People v Lewis


2020 NY Slip Op 02479


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2017-03599

[*1]The People of the State of New York, respondent,
v
Tiquan W. Lewis, appellant. (S.C.I. No. 209/16)


Salvatore C. Adamo, New York, NY, for appellant, and appellant pro se.
Robert Tendy, District Attorney, Carmel, NY (David M. Bishop and Nicholas LaStella of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Putnam County (James F. Reitz, J.), rendered March 9, 2017, convicting him of criminal sale of a controlled substance in the third degree (three counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered because his waiver of the right to appeal was invalid, is not preserved for appellate review since the defendant never moved to withdraw his plea prior to sentencing (see People v Lopez, 71 NY2d 662; People v Harris, 169 AD3d 924), and "the exception to the preservation requirement does not apply here, because the defendant's plea allocution did not cast significant doubt upon his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea" (People v Fontanet, 126 AD3d 723, 723; see People v Tyrell, 22 NY3d 359, 364). In any event, this contention is without merit because the validity of a plea of guilty is not dependent upon the validity of a waiver of the right to appeal (see generally People v Lopez, 6 NY3d 248, 256; People v Calvi, 89 NY2d 868, 871). Further, here, the record of the plea proceedings, which included both an oral and written waiver of the defendant's right to appeal, demonstrates that the defendant received an explanation of the nature of the right to appeal and the consequences of waiving that right (see People v Orta, 169 AD3d 932). Furthermore, the record demonstrates that the defendant understood that his right to appeal was separate and distinct from those rights automatically forfeited upon a plea of guilty (see People v Sanders, 25 NY3d 337, 341). On the record presented, we conclude that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see generally id. at 341; People v Bradshaw, 18 NY3d 257, 264; People v Orta, 169 AD3d at 932-933).
The defendant's contention raised in his main brief and his pro se supplemental brief that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for [*2]reviewing the claim in its entirety and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255-256; People v Morgan, 121 AD3d 1128, 1129).
The defendant's remaining contentions raised in his pro se supplemental brief are without merit.
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court