People v Cobian (2020 NY Slip Op 04759)





People v Cobian


2020 NY Slip Op 04759


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2018-14429
 (Ind. No. 930/17)

[*1]The People of the State of New York, respondent,
v
Adam Cobian, appellant.


Laurette D. Mulry, Riverhead, NY (Felice Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Sharyn Gitter of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John B. Collins, J.), rendered October 27, 2017, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
We agree with the defendant that he did not validly waive the right to appeal (see People v Thomas, 34 NY3d 545; People v Bradshaw, 18 NY3d 257, 264; People v Lopez, 6 NY3d 248, 255). The County Court failed to sufficiently explain the nature of the right to appeal and the consequences of waiving that right (see People v Parrish, 179 AD3d 841; People v Solomon, 178 AD3d 966; People v Himonitis, 174 AD3d 738). The fact that the defendant executed a written waiver of the right to appeal is not a complete substitute for an on-the-record explanation of the nature of the right to appeal (see People v Parrish, 179 AD3d at 841-842; People v Brown, 122 AD3d 133, 139). Thus, appellate review of his contention that the sentence imposed was excessive is not precluded by the purported waiver. However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., ROMAN, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court