People v Walker (2020 NY Slip Op 08087)





People v Walker


2020 NY Slip Op 08087


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-11779 
2017-11780

[*1]The People of the State of New York, respondent,
v
Michael Walker, appellant. (Ind. Nos. 7835/16, 272/17)


Michael Walker, Napanoch, NY, appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce,
and Cindy Horowitz of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Joanne Quinones, J.), both rendered August 30, 2017, convicting him of burglary in the third degree under Indictment No. 7835/16, and attempted robbery in the second degree under Indictment No. 272/17, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant's contention that his pleas of guilty were not knowing, voluntary, or intelligent because he is legally blind and was denied devices to accommodate his visual impairment is unpreserved for appellate review as the defendant failed to move to vacate his pleas prior to the imposition of the sentences or otherwise raise the issue before the Supreme Court (see CPL 470.05[2]; People v Thomas, 150 AD3d 770, 770-771; People v Jackson, 114 AD3d 807). In any event, the defendant's contention cannot be reviewed on direct appeal as it is based on matter dehors the record (see People v Thomas, 150 AD3d at 771; People v Peterson, 95 AD3d 1143; People v Moss, 70 AD3d 862).
The defendant's valid waiver of his right to appeal (see People v Sanders, 25 NY3d 337, 341; People v Lopez, 6 NY3d 248, 254, 257; People v Day, 181 AD3d 906) precludes appellate review of his claim that he was deprived of the effective assistance of counsel except to the extent that the alleged ineffective assistance affected the voluntariness of his pleas (see People v Luck, 175 AD3d 1430, 1432; People v Dancy, 156 AD3d 717, 717-718). That aspect of his contention is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109). Although the defendant made a post-conviction motion pursuant to CPL article 440 to vacate the judgments of conviction, the issues raised in that motion are not properly before this Court, as he was denied leave to appeal from the order denying that motion (see People v Dunaway, 134 AD3d [*2]952, 954; People v Coleman, 125 AD3d 879, 881).
The defendant's contention that he was improperly adjudicated a persistent violent felony offender is also unpreserved for appellate review as he did not challenge the constitutionality of his prior convictions or the predicate felony statement during the sentencing proceeding (see CPL 470.05[2]; People v Drummond, 143 AD3d 836, 838; People v Delston, 30 AD3d 536). In any event, the Supreme Court properly adjudicated the defendant a persistent violent felony offender (see Penal Law § 70.08).
The defendant's remaining contentions are based on matter dehors the record and, thus, are not properly before this Court.
MASTRO, J.P., RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court