People v Burke (2021 NY Slip Op 03046)





People v Burke


2021 NY Slip Op 03046


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-08338
 (Ind. No. 36-18)

[*1]The People of the State of New York, respondent,
v
William T. Burke, appellant.


Del Atwell, East Hampton, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Rosalind C. Gray and Thomas Costello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Richard Ambro, J.), rendered May 18, 2018, convicting him of criminal contempt in the first degree (three counts), and reckless endangerment in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the defendant's waiver of his right to appeal was invalid. The statement of the County Court that pursuant to the waiver, "once you're sentenced on a case it's closed for good," mischaracterized the nature of the waiver of the right to appeal (see People v Thomas, 34 NY3d 545).
The defendant's claim of ineffective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's remaining contentions are without merit.
Accordingly, we affirm the judgment.
RIVERA, J.P., HINDS-RADIX, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court