People v Ofield (2022 NY Slip Op 00196)





People v Ofield


2022 NY Slip Op 00196


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
COLLEEN D. DUFFY
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-01864

[*1]The People of the State of New York, respondent,
v
Jevon L. Ofield, appellant. (S.C.I. No. 203/16)


Arza Feldman, Manhasset, NY (Steven A. Feldman of counsel), for appellant.
Robert V. Tendy, District Attorney, Carmel, NY (Nicholas LaStella of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Putnam County (James F. Reitz, J.), rendered January 17, 2019, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and sentencing him to a determinate term of imprisonment of seven years, to be followed by a period of postrelease supervision of three years, and a fine in the sum of $5,000.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating so much of the sentence as imposed a fine in the sum of $5,000; as so modified, the judgment is affirmed.
The defendant's purported waiver of his right to appeal is invalid because the County Court's colloquy failed to sufficiently advise the defendant of the nature of his right to appeal and the consequences of waiving that right (see People v Cobian, 186 AD3d 851; People v Parrish, 179 AD3d 841). In addition, although the record indicates that the defendant signed a written waiver of the right to appeal, the court failed to ascertain on the record whether the defendant had read the waiver, discussed it with counsel, or was aware of its contents (see People v Kang, 183 AD3d 640; People v Fludd, 175 AD3d 624; cf. People v Lewis, 182 AD3d 610; People v Cardona, 177 AD3d 647).
The defendant's claim of ineffective assistance of counsel constitutes a "mixed claim of ineffective assistance" because it is based, in part, on matter appearing on the record and, in part, on matter outside the record (People v Maxwell, 89 AD3d 1108, 1109; see People v Burke, 194 AD3d 834). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Momoh, 192 AD3d 915; People v Walker, 189 AD3d 1619, 1620).
The sentence imposed was excessive to the extent indicated herein (see People v Camarda, 138 AD3d 884, 885; People v Monroe, 212 AD2d 374; People v Suitte, 90 AD2d 80).
LASALLE, P.J., DUFFY, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court