People v Taylor (2025 NY Slip Op 01955)

People v Taylor

2025 NY Slip Op 01955

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2022-08945
 (Ind. No. 703/19)

[*1]The People of the State of New York, respondent,
v
Mark Taylor, appellant.

Gary E. Eisenberg, New City, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Winter A. Vega and Andrew R. Kass of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Robert J. Prisco, J., at plea; Craig S. Brown, J., at sentence), rendered February 8, 2022, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowing, intelligent, and voluntary is unpreserved for appellate review, as he did not move to withdraw his plea or otherwise raise the issue before the County Court (see People v Argueta, 233 AD3d 703, 703-704; People v Pray, 183 AD3d 842, 842). In any event, the defendant's contention cannot be reviewed on direct appeal, as it is based on matter dehors the record (see People v Walker, 189 AD3d 1619, 1619; People v Thomas, 150 AD3d 770, 771; People v Wornell, 112 AD3d 656). The defendant's related contention that the alleged ineffective assistance of counsel rendered his plea unknowing, unintelligent, and involuntary is also based on matter dehors the record and, thus, likewise is not reviewable on direct appeal (see People v Chavis, 218 AD3d 1368, 1370; People v Wornell, 112 AD3d at 656).
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Vantassell, 205 AD3d 739, 740). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 255-256).
DILLON, J.P., WARHIT, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court